UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISABELITA DURAN,

     Petitioner,

v.                                                   CASE NO. 6:06-cv-666-Orl-19DAB
                                                     (6:95-cr-208-Orl-19DAB)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Isabelita Duran (Doc. No. 1).  The Government filed a timely response to the motion (Doc. No. 4), and Petitioner filed a reply to the response (Doc. No. 6).

### Procedural History

Petitioner and others were charged in a fifteen-count superseding indictment with committing various crimes.  (Criminal Case No. 6:95-cr-208-Orl-19dab, Doc. No. 193).[1] After a jury trial, Petitioner was found guilty of conspiracy to possess with intent to distribute heroin and cocaine hydrochloride (count one) and possession with intent to distribute heroin (count nine).  On July 26, 1996, she was sentenced to a 420-month term of imprisonment, followed by a five-year term of supervised release.  (Criminal Case Doc. No. 621.)

_____

[1]Criminal Case No. 6:95-cr-208-Orl-19DAB will be referred to as "Criminal Case."

Petitioner directly appealed the final judgment to the Eleventh Circuit Court of Appeals raising two issues: (1) this Court erred by not granting her motion for judgment of acquittal; and (2) this Court erred in calculating the amount of drugs for which she was accountable; therefore, the wrong offense level and guideline range were used to calculates her sentence.  On June 20, 2001, the appellate court issued an unpublished, written decision affirming the Petitioner's convictions and sentences.  *See* Criminal Case Doc. No. 965.

On September 16, 2002, Petitioner, through counsel, filed a motion to extend time to file a § 2255 motion.  (Criminal Case Doc. No. 1016.)  The motion was stricken because the attorney who filed the motion was not a member of the Bar of this Court.  (Criminal Case Doc. No. 1020.)  Petitioner, on October 8, 2002, filed a *pro se* motion to extend time to file a § 2255 motion, which was denied on October 10, 2002.  (Criminal Case Doc. Nos. 1024 & 1027.)

On January 17, 2006, Petitioner filed a Notice of Motion 60(b)(5)(6) Recall of the Mandate of Petitioner's Direct Appeal (Criminal Case Doc. No. 1090), which was denied two days later (Criminal Case Doc. No. 1091).  Petitioner then filed, on March 1, 2006, another motion under Federal Rule of 60(b)(5)(6) (Criminal Case Doc. No. 1092), which was denied on March 6, 2006 (Criminal Case Doc. No. 1093).

*Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

2

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one year limitation of § 2255.

In the present case, the appellate court entered its order of affirmance on June 20, 2001.  Petitioner then had ninety days, or through September 18, 2001, to petition the United States Supreme Court for writ of certiorari.  *See* Sup. Ct. R. 13.  Thus, the judgment of conviction became final on September 18, 2001.  *Clay v. United States*, 537 U.S. 522, 525 (2003), ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment

3

becomes 'final' on the date on which the defendant's time for filing such a petition expires."). Since Petitioner's judgment of conviction became final on September 18, 2001, she had through September 18, 2002, to file a § 2255 motion in this case. However, under the mailbox rule, Petitioner's motion was not filed until May 8, 2006. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Accordingly, Petitioner's § 2255 motion is untimely under § 2255(1).

Petitioner, however, offers several arguments for finding her § 2255 motion timely. First, she argues that equitable tolling applies because she retained an attorney, Cloud H. Miller, to file a § 2255 motion on her behalf. She contends that Mr. Miller "purposely led her to believe he was going to proceed with a § 2255 motion" and that he kept her "dangling-on-a-string." (Doc. No. 6 at 7 & 9.) Thus, she contends that she was the victim of extraordinary circumstances that were beyond her control. In support of this contention, she has submitted various correspondence between Mr. Miller and herself.

The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings; however, such tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

4

1999).  Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted."  *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

The correspondence submitted by Petitioner reflects that she contacted Mr. Miller's office in late June or early July of 2002 (over two months before the September 18, 2002, expiration of the one-year period) regarding possible representation.  On August 16, 2002, Mr. Miller's office advised Petitioner that she should not be concerned about the "September 15, 2002, deadline" because a continuance would be filed,[2] giving her "family time to obtain the difference of [her] fee" and that "as soon as the balance is paid [Mr. Miller] would proceed with [her] § 2255."  In October of 2002, Mr. Miller attempted to visit Petitioner, but the prison was in lockdown, and he did not get to see her.  The next correspondence included in the record is a July 22, 2003, letter from Mr. Miller apparently in response to a § 2255 pleading sent to him by Petitioner.  In the letter, Mr. Miller states that he "will be happy to proceed on this as soon as [he] hears back from [her]."  The next letter is from Petitioner to Mr. Miller and is dated September 9, 2004.  In the letter, Petitioner expresses dissatisfaction with Mr. Miller's services and requests a full refund of the $7,500.00 fee paid to him.  Petitioner states to Mr. Miller: "[y]ou led me to believe that

---

[2]As set forth earlier, Mr. Miller did file a motion for continuance on September 16, 2002, which was stricken.  Petitioner subsequently filed a *pro se* motion for continuance on October 8, 2002, which was denied.

you were going to file my 28 USC § 2255; instead, you filed a 28 USC § 2241 . . . . The motion you filed . . . 'clearly' reflects that you DID NOT study my case or saught [sic] my interests for which I specifically hired you. . . . [B]ecause of your negligence, I lost my opportunity to file within the time-frame." On September 22, 2004, the staff administrator from Mr. Miller's office responded to Petitioner, advising her that her "case is to be resubmitted into court for reconsideration" and that her "case is not lost due to one denial." The record does not contain any further correspondence between Petitioner and Mr. Miller or his office.

While the Court is gravely concerned by the conduct of Mr. Miller reflected in the correspondence, Petitioner's allegations do not rise to the level of "extraordinary circumstances that were both beyond her control and unavoidable even with diligence." The Eleventh Circuit Court of Appeals has opined that ineffective assistance of counsel likely would not provide grounds for equitable tolling. *See Lee v. United States Postal Serv.*, 774 F.2d 1067, 1069 n.3 (11th Cir. 1985) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979)); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable tolling. An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.") (citations omitted); *Turner v. Singletary*, 46 F. Supp. 2d 1238 (N.D. Fla. 1999) (equitable tolling not warranted when counsel placed habeas petition in mail on the last day of the filing deadline, but the petition was not received by the court until six days after the deadline had passed).

Furthermore, even if Mr. Miller's conduct did constitute an extraordinary circumstance, Petitioner has not demonstrated that she acted with due diligence. The correspondence reflects that Petitioner did not contact Mr. Miller's office until over nine months of the one year had run. She then relied on his office's representations that everything was fine. However, by September of 2004, Petitioner was well-aware that Mr. Miller had not taken any action and that the one year had expired. Even with this information, Petitioner waited until May of 2006, over a year and a half later, to file the instant proceeding. Clearly, this delay does not constitute the due diligence required to merit application of equitable tolling.

Petitioner also argues that § 2255(3) dictates the time limitation for her motion. She contends that in *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court declared unconstitutional "a certain mandatory portion of the U.S.S.G."[3] (Doc. No. 6 at 2.)   In essence, Petitioner contends that she was sentenced pursuant to an unconstitutional portion of the Sentencing Guidelines; therefore, she has a Sixth Amendment right to be resentenced.

Pursuant to § 2255(3), the one-year period can commence on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[3] Prior to *Booker*, the United States decided the case of *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), in which it held that the statutory maximum is the maximum sentence that may be imposed based solely on the jury's verdict or the defendant's plea without finding any additional facts. In *Booker*, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines, under which Petitioner was sentenced. *Booker*, 543 U.S. at 226-27.

7

recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  To the extent that Petitioner relies on the right initially recognized in the *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[4] *Blakely*, or *Booker* decisions, her argument is fatally flawed for two reasons.  First, the United States Supreme Court has determined that the one year begins to run on the date "which the right asserted was initially recognized by the Supreme Court."  *Dodd v. United States*, 545 U.S. 353, 358 (2005).  *Apprendi* was decided in 2000, *Blakely* in 2004, and *Booker* on January 12, 2005.  Petitioner filed the instant § 2255 motion on May 8, 2006, well in excess of one year after all three cases were decided.

Second, § 2255(3) only applies to newly recognized rights that have been declared to be retroactively available to cases on collateral review.  The Eleventh Circuit Court of Appeals has determined that *Apprendi*, *Blakely*, and *Booker* do not apply retroactively to cases, such as the instant case, that are on collateral review.  *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("[W]e conclude that *Booker*'s [and *Blakely*'s] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *Kaufmann*, 282 F.3d at 1337 ("*Apprendi* is not applicable retroactively to cases on collateral review.").  Because they do not apply retroactively, the *Apprendi*, *Blakely*, and *Booker* cases cannot commence the one-year limitations period for filing a § 2255 motion.

---

[4]*Apprendi*, which was the precursor to the *Blakely* and *Booker* decisions, holds that any fact, other than that of a prior conviction, which increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490.

8

Any of Petitioner's allegations that attempt to excuse her failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Isabelita Duran is **DENIED**, and this case is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:95-cr-208-Orl-19DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 1094) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this __15th___ day of February, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 2/15
Isabelita Duran
Counsel of Record